IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

FRANKIE HAGER and HELEN HAGER,

    Plaintiffs,

v.                                    Civil Action No. 5:05CV129
                                                    (STAMP)

DAMIEN GRAHAM and
SAFE AUTO INSURANCE COMPANY,

    Defendants.

**MEMORANDUM OPINION AND ORDER
CONFIRMING PRONOUNCED ORDER OF THE COURT
GRANTING IN PART AND DENYING IN PART
SAFE AUTO INSURANCE COMPANY'S
MOTION TO DISMISS SPECIFICALLY,
GRANTING WITHOUT PREJUDICE SAFE AUTO INSURANCE COMPANY'S
MOTION TO DISMISS DEFENDANT DAMIEN GRAHAM
AND DENYING SAFE AUTO INSURANCE COMPANY'S
MOTION TO DISMISS UNDER
FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6)**

I.  Procedural History

    The plaintiffs, Frankie Hager and Helen Hager, filed a complaint in the Circuit Court of Ohio County, West Virginia against the defendants, Damien Graham ("Graham") and Safe Auto Insurance Company ("Safe Auto"), alleging that Graham negligently collided his automobile with the plaintiffs' automobile causing the plaintiffs to sustain personal injuries. Further, the plaintiffs allege that Safe Auto violated the West Virginia Unfair Claims Settlement Practices Act, W. Va. Code § 33-11-4, and West Virginia insurance regulations by "repeatedly wrongfully denying the plaintiffs coverage under the applicable Safe Auto insurance

policy." (Pls.' Compl. ¶ 26.) On July 15, 2005, Safe Auto filed a notice of removal. Subsequently, Safe Auto filed a motion to dismiss, to which the plaintiffs responded and Safe Auto replied. On December 15, 2006, this Court granted the plaintiffs' motion for an extension of time to serve Graham until February 27, 2006.

This Court held a hearing on Safe Auto's motion to dismiss on March 5, 2007.

After a review of the applicable law as well as the memoranda in support of and in opposition to the motion to dismiss, this Court stated at the hearing that Safe Auto's motion to dismiss should be granted in part and denied in part. Specifically, Safe Auto's motion to dismiss for failure to properly effect service upon Graham should be granted without prejudice and Safe Auto's motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) should be denied.

## II. Facts

On or about June 4, 2004, Graham's automobile collided with the plaintiffs' automobile on the Suspension Bridge in Wheeling, West Virginia. The plaintiffs allege that Graham acted negligently and carelessly which resulted in injuries to the plaintiffs. Specifically, Frankie Hager alleges that he suffered injuries to his body, head, neck, back, extremities, "body chemistry," muscle tissues, "psyche," soft tissue and other body parts. (Id. ¶ 10.)

Helen Hager asserts that she lost the consortium and services of her husband, Frankie Hager.

On and prior to June 4, 2004, Graham was insured under a policy of insurance for motor vehicle liability insurance coverage through Safe Auto. The plaintiffs assert that "on or about June 4, 2004, and thereafter, Plaintiffs Hager and Plaintiff Helen Hager were wrongfully denied available liability motor vehicle insurance benefits under the policy of insurance by defendants, Safe Auto." (Id. ¶ 22.)

In their complaint, the plaintiffs seek compensatory damages including, but not limited to medical bills and lost wages, damages for costs and expenses incurred, damages for sustained "annoyance, aggravation and inconvenience, emotional distress, anger, anguish, chagrin, depression, disappointment, embarrassment, fear, fright, grief, horror and loss of the use of the insurance benefits," punitive damages and attorney's fees and costs. (Pls.' Compl. ¶ 54.) Further, the plaintiffs seek damages for loss of consortium for Helen Hager.

### III. Applicable Law

A. Federal Rule of Civil Procedure 12(b)(5)

Safe Auto filed a motion to dismiss this civil action against Graham pursuant to Federal Rule of Civil Procedure 12(b)(5). Rule 12(b)(5) allows a party to file a motion for insufficiency of service of process. Federal Rule of Civil Procedure 4(m) requires

3

that a plaintiffs effect service of process within 120 days of the filing of the complaint. In order for the plaintiffs to withstand a motion to dismiss a complaint for insufficiency of service of process, the plaintiffs who failed to comply with the time requirements for serving the defendant "must demonstrate that [they] had good cause for not meeting [the] requirements; trial court does not have discretion to extend time absent showing of good cause." T & S Rentals v. United States, 164 F.R.D. 422 (N.D. W. Va. 1996). Good cause exists when the plaintiffs have made "reasonable, diligent" efforts to effect service on the defendant." Id. at 425 (citing Quann v. Whitegate Edgewater, 112 F.R.D. 649, 659 (D. Md. 1986)).

B.  Federal Rule of Civil Procedure 12(b)(6)

Safe Auto also filed a motion to dismiss this case pursuant to Federal Rule of Civil Procedure 12(b)(6). In assessing a motion to dismiss for failure to state a claim under this rule, a court must accept the factual allegations contained in the complaint as true. Advanced Health Care Servs., Inc. v. Radford Community Hosp., 910 F.2d 139, 143 (4th Cir. 1990). Dismissal is appropriate pursuant to Rule 12(b)(6) only if "'it appears to be a certainty that the plaintiff would be entitled to no relief under any state of facts which could be proven in support of its claim.'" Id. at 143-44 (quoting Johnson v. Mueller, 415 F.2d 354, 355 (4th Cir. 1969));

see also Rogers v. Jefferson-Pilot Life Ins. Co., 883 F.2d 324, 325 (4th Cir. 1989).

Stated another way, it has often been said that the purpose of a motion under Rule 12(b)(6) is to test the formal sufficiency of the statement of the claim for relief; it is not a procedure for resolving a contest about the facts or the merits of the case. 5A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1356, at 294 (2d ed. 1990). The Rule 12(b)(6) motion also must be distinguished from a motion for summary judgment under Federal Rule of Civil Procedure 56, which goes to the merits of the claim and is designed to test whether there is a genuine issue of material fact. Id. § 1356, at 298. For purposes of the motion to dismiss, the complaint is construed in the light most favorable to the party making the claim and essentially the court's inquiry is directed to whether the allegations constitute a statement of a claim under Federal Rule of Civil Procedure 8(a). Id. § 1357, at 304, 310.

Finally, "[a] district court's dismissal under Rule 12(b)(6) is, of course, with prejudice unless it specifically orders dismissal without prejudice. That determination is within the district court's discretion." Carter v. Norfolk Community Hosp. Ass'n, 761 F.2d 970, 974 (4th Cir. 1985).

IV. Discussion

In its motion to dismiss, Safe Auto argues that: (1) the plaintiffs' complaint against Graham should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(5) because the plaintiffs failed to secure service of process on Graham within 120 days of filing the complaint; and (2) the plaintiffs' complaint against Safe Auto should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6) because the plaintiffs are unable to prove the allegations of "bad faith." (Def.'s Mot. for Summ. J. at 3.)

In response, the plaintiffs argue that they have submitted substantial evidence to prove good cause for their failure to serve Graham. Further, the plaintiffs argue that the defendant's motion to dismiss under Rule 12(b)(6) must be denied because the plaintiffs have stated facts that could entitle them to relief from Safe Auto.

A.  Federal Rule of Civil Procedure 12(b)(5) Motion to Dismiss

This Court must first determine if the plaintiffs have good cause for failing to serve Graham with a copy of the summons and complaint within 120 days of the filing of their complaint, as provided by Rule 4 of the Federal Rules of Civil Procedure.

Safe Auto contends that the plaintiffs' complaint against Graham should be dismissed because the plaintiffs failed to secure service of process on Graham within 120 days of filing the

complaint. Thus, all claims against Graham should be dismissed pursuant to Federal Rule of Civil Procedure 4.

The complaint was filed on July 6, 2005. This Court granted the plaintiffs' motion for an extension of time to serve Graham until February 27, 2006. Rule 4(m) states that "if the plaintiff shows good cause for the failure, the court shall extend the time for service for an appropriate period." Fed. R. Civ. P. 4(m). Good cause exists when the plaintiffs have made "reasonable, diligent" efforts to effect service on the defendants. T & S Rentals, 164 F.R.D. at 425 (citing Quann v. Whitegate Edgewater, 112 F.R.D. 649, 659 (D. Md. 1986)).

There is no evidence that the plaintiffs have made a reasonable or diligent effort to serve Graham in this civil action. The plaintiffs attempted service on Graham on July 6, 2005 by requesting the Clerk of the Circuit Court of Ohio County issue the summons and Graham be served by certified mail. On July 14, 2005, the certified mail card addressed to Graham was returned to the office of the Clerk of the Circuit Court of Ohio County with a new address, which was a post office box in Stratton, Ohio.

On October 13, 2005, the plaintiffs obtained a summons from the clerk for service of the complaint on Graham at addresses in Stratton, Ohio.[1] On October 26, 2005, the plaintiffs hired Bobes

---

[1] The plaintiffs received Graham's "abstract driver record from the Ohio Bureau of Motor Vehicles" and his drivers license verification from the Ohio Bureau of Motor Vehicles to obtain

7

Investigations to locate an address for Graham. Mr. Bobes was not hired as a process server, but only to determine Graham's address. Mr. Bobes provided a new address for Graham in Wheeling, West Virginia. On November 14, 2005, the plaintiffs obtained Graham's West Virginia driving record which indicated that Graham lived in Benwood, West Virginia. The plaintiffs attempted unsuccessfully to serve Graham at the Benwood address. On December 15, 2005, this Court granted the plaintiffs' motion to extend their time to serve Graham until February 27, 2006.

On June 2, 2006, the plaintiffs elected to "refile this complaint" in the Circuit Court of Ohio County, West Virginia "instead of requesting another extension [of time] for service." (Pls.' Resp. at 5.)

On August 9, 2006, Mr. Bobes was rehired but again only to provide an address. Mr. Bobes found two addresses for Graham, one in Wheeling, West Virginia and the other in Steubenville, Ohio. On August 9, 2006, the plaintiffs requested that the summons be issued and Graham be served by the Secretary of State at the address in Steubenville, Ohio. On August 10, 2006, the plaintiffs requested that the summons be issued and Graham be served by certified mail delivery at the address in Wheeling, West Virginia.

---

another address in Stratton, Ohio. (Pls.' Resp. to Safe Auto's Mot. to Dismiss at 3.)

On August 10, 2006, the plaintiffs made a Freedom of Information Act request with the Postmaster in Wheeling, West Virginia and Steubenville, Ohio concerning Graham. The plaintiffs have been unable to serve Graham despite the above-stated attempts.

To date, the plaintiffs have not requested another extension of time to serve Graham. Instead, as the plaintiffs stated in their response memorandum to Safe Auto's motion to dismiss, the plaintiffs elected to file an identical complaint against Graham on June 2, 2006 in the Circuit Court of Ohio County, West Virginia.

The plaintiffs have not at any time during this litigation asserted that they properly served Graham or that he waived his right to service of process, despite having notice and sufficient time to do so. This Court finds that the plaintiffs had sufficient knowledge of effecting service under the Federal Rules. The plaintiffs elected to file a complaint against Graham in the circuit court rather than request another extension of time to serve Graham in this civil action. Thus, the plaintiffs have failed to show good cause for the lack of service.

While dismissal is warranted, Federal Rule of Civil Procedure 4(m) expressly states that dismissal must be "without prejudice." Fed. R. Civ. P. 4(m).[2] As stated at the hearing, this Court finds

---

[2] The Fourth Circuit Court of Appeals in Mendez v. Elliot, 45 F.3d 75, 78-9 (4th Cir. 1995), stated that the "without prejudice" condition permits plaintiffs to refile the claim as if it had never been filed, but is subject to the consequences of any time defenses.

that Safe Auto's motion to dismiss is granted with respect to Graham.  Thus, defendant Graham is dismissed without prejudice from this action.  Further, as stated by this Court, this civil action continues to be pending as to Safe Auto.

B.  Federal Rule of Civil Procedure 12(b)(6) Motion to Dismiss

For purposes of Safe Auto's motion to dismiss, the complaint is construed in the light most favorable to the plaintiffs and essentially this Court's inquiry is directed to whether the allegations constitute a statement of a claim under Federal Rule of Civil Procedure 8(a).  5A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1357 at 304, 310 (2d ed. 1990).

This Court finds that whether Safe Auto's actions constitute a violation of the West Virginia Unfair Claims Settlement Practices Act is a question of fact.  Viewed in the light most favorable to the plaintiffs, this Court finds that the allegations contained in the plaintiffs' complaint constitute a statement of a claim upon which relief could be granted under the West Virginia Claims Settlement Practices Act.  See Advanced Health Care Servs., Inc., 910 F.2d at 143-44 (dismissal is appropriate "if it appears to be a certainty that the plaintiff would be entitled to no relief under any set of facts which could be proven in support of its claim.")(quoting Johnson, 415 F.2d at 355.)

Accordingly, as stated at the hearing, Safe Auto's motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) must be denied.

V. Conclusion

For the reasons stated herein, the defendant Safe Auto Insurance Company's motion to dismiss is hereby GRANTED IN PART and DENIED IN PART. Safe Auto Insurance Company's motion to dismiss for failure to properly effect service upon defendant Damien Graham pursuant to Federal Rule of Civil Procedure 4(m) and 12(b)(5) is hereby GRANTED WITHOUT PREJUDICE and Safe Auto Insurance Company's motion to dismiss Safe Auto Insurance Company pursuant to Federal Rule of Civil Procedure 12(b)(6) is hereby DENIED.[3]

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit copies of this memorandum opinion and order to counsel of record herein.

DATED:    March 30, 2007

/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE

---

[3] For good cause shown, this Court considered Safe Auto's reply to the plaintiffs' motion to dismiss. Thus, Safe Auto's motion for an extension of time to file a reply memorandum is hereby GRANTED. Accordingly, the plaintiffs' motion to strike Safe Auto's reply is hereby DENIED.