IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

FRANKIE HAGER and
HELEN HAGER,

    Plaintiffs,

v.                                      Civil Action No. 5:05CV129
                                                        (STAMP)

DAMIEN GRAHAM and
SAFE AUTO INSURANCE CO.,

    Defendants.

**MEMORANDUM OPINION AND ORDER
DENYING DEFENDANT SAFE AUTO INSURANCE CO.'S
MOTION FOR LIMITED LIFT OF STAY AND
DIRECTING PARTIES TO FILED STATUS REPORT**

I.   Facts and Procedural History

On July 6, 2005, the plaintiffs, Frankie Hager and Helen Hager ("the Hagers"), filed suit in the Circuit Court of Ohio County, West Virginia for injuries they allegedly suffered as the result of a motor vehicle accident which occurred on June 4, 2004. The Hagers asserted claims against defendant Damien Graham ("Graham") for negligence and claims against Graham's insurer, defendant Safe Auto Insurance Company ("Safe Auto"), for bad-faith and for violations of West Virginia's Unfair Trade Practices Act. Service was obtained on defendant Safe Auto on July 21, 2005.

On August 15, 2005, defendant Safe Auto removed the action to this Court. Safe Auto subsequently moved to dismiss Graham, its insured, for failure to obtain service of process. This Court granted that motion on March 30, 2007 and dismissed defendant

Graham without prejudice. The Hagers then re-filed their negligence claims against Graham in the Circuit Court of Ohio County, West Virginia. Subsequently, on July 9, 2007, this Court granted a motion filed by Safe Auto on July 5, 2007 to stay the action before this Court pending resolution of the underlying action in the West Virginia state court.

Meanwhile, Safe Auto brought a declaratory judgment action against Damien Graham on June 13, 2007 in the Jefferson County Court of Common Pleas, Jefferson County, Ohio ("the Ohio court"). In that action, Safe Auto sought a declaration that: (1) the automobile insurance policy issued to Graham by Safe Auto does not provide coverage for the June 4, 2004 motor vehicle accident involving Graham and the Hagers; and (2) Safe Auto is not obligated to indemnify or defend Graham concerning any claims that may arise out of the June 4, 2004 motor vehicle accident. On January 3, 2008, the Ohio court, upon a motion by Safe Auto, entered default judgment against Graham for failure to appear.

Safe Auto now seeks a limited lift of stay in this action to obtain an order by this Court recognizing and giving full faith and credit to the order by the Ohio court granting a default judgment in favor of Safe Auto against Graham based upon his failure to appear in that action.[1] The Hagers filed responses in opposition

---

[1] Safe Auto has filed two motions seeking a limited lift of stay (Doc. 37 and Doc. 41). Both motions seek the same relief and set forth identical facts and arguments, with the second motion

2

to the motion, and Safe Auto has replied. This matter is now fully briefed and ripe for disposition. For the reasons set forth below, this Court finds that Safe Auto's motion for a limited lift of stay should be denied.

## II. Applicable Law

District courts possess inherent power to stay litigation proceedings. See Landis v. N. Am. Co., 299 U.S. 248, 254-55 (1936) ("The power to stay proceedings is incidental to the power inherent in every court to control disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants."). The exercise of this power is committed to the sound discretion of the adjudicating court. See Am. Recovery Corp. v. Computerized Thermal Imaging, Inc., 96 F.3d 88, 97 (4th Cir. 1996).

Generally, where a court has granted a stay, the terms of the stay order will govern the lifting of the stay. See Bryte v. Am. Household, Inc., 142 F. App'x 699, 704 (4th Cir. 2005)(unpublished) ("the stay . . . will be lifted by the terms of the stay order"); County School Bd. of York County, Virginia v. A.L., 2007 W.L. 756586 (E.D. Va. Mar. 6, 2007)(unpublished) ("the lifting of a stay is governed by the terms of the order granting the stay"). Thus, a stay order may set forth a triggering event which would

---

containing additional citations to legal authority relating to the Hagers' standing to challenge the Ohio court's exercise of personal jurisdiction over Graham. Because the motions are essentially the same in all material respects, this Court will refer to these pleadings as a single motion.

3

automatically lift the stay. See County School Bd. of York County, Virginia v. A.L., 2007 W.L. 756586 (E.D. Va. Mar. 6, 2007) (unpublished). However, a court may lift the stay before the occurrence of the triggering event identified in the stay order if developments in the case justify the lifting of the stay while it is in force. See In re M.J. Beebe, 56 F.3d 1384 (5th Cir. 1995) (observing that courts should reconsider the fairness of a stay order in light of new developments to determine "whether the equities continue to justify a stay") (unpublished) (citing Landis, 299 U.S. at 258.)

### III. Discussion

Safe Auto argues that the Full Faith and Credit Clause of the United States Constitution, the res judicata principles as applied by West Virginia and Ohio courts, and the choice-of-law governing this action require this Court to recognize the declaratory judgment order entered by the Ohio court. Anticipating the arguments the Hagers would advance in their response, Safe Auto argues that it had no legal duty to advise the Hagers of the declaratory action it had brought against Graham in the Ohio court and that it properly obtained service on Graham. In any event, Safe Auto claims, the Hagers have no standing to challenge the service of process upon Graham. Accordingly, Safe Auto requests this Court to lift the stay in this action for the limited purpose of recognizing and giving full faith and credit to the state court order.

The Hagers oppose Safe Auto's motion. The Hagers claim that they did not learn about the declaratory judgment action until December 17, 2007. They believe that Safe Auto's conduct was "premeditated and calculated to inappropriately disadvantage the plaintiffs." (Pls.' Resp. to Def. Safe Auto's Mot. for Limited Lift of Stay at 3.) They argue that Safe Auto's motion must be denied because the Ohio court lacked personal jurisdiction over Graham. According to the Hagers, Graham was not properly served and, therefore, the default judgment is void. Consequently, the Hagers contend, the judgment of the Ohio court is not entitled to full faith and credit. The Hagers state that Safe Auto's motion must be denied and they request that this Court defer ruling on the motion and permit discovery limited to the issue of Safe Auto's knowledge of Graham's whereabouts at the time it filed the declaratory judgment to explore whether the default judgment was fraudulently obtained.

In reply, Safe Auto argues that the Hagers have no standing in this Court to challenge the validity of the Ohio court order because they were not parties to the declaratory action. Specifically, Safe Auto focuses on the Hagers' lack of standing to challenge whether the Ohio court possessed personal jurisdiction over Graham.

This Court finds that it need not reach the question of whether the Hagers lack standing under Ohio law to challenge the Ohio court's exercise of personal jurisdiction over Graham because they

5

appear to have standing to challenge the validity of the default judgement as it applies to them on the ground that Safe Auto failed to make the Hagers parties to the declaratory judgment action in the Ohio court, as seems to be required under Ohio law.

A. <u>Plaintiffs' Standing to Challenge the Exercise of Personal Jurisdiction over Damien Graham in the Ohio Court in the Declaratory Judgment Action</u>

In its pleadings, Safe Auto erroneously concentrates much of its discussion on whether the Hagers have standing to challenge the Ohio court's exercise of personal jurisdiction over Graham when that court entered default judgment. At the same time, the Hagers erroneously concentrate their discussion on whether Safe Auto obtained proper service of process on Graham. However, in the end, the parties' arguments concerning service on Graham and the Ohio court's exercise of personal jurisdiction over him appear to be immaterial to the motion pending before this Court because, as discussed below, this Court concludes that Safe Auto was required under Ohio law to make the Hagers parties in the declaratory judgment action Safe Auto instituted against Graham in the Ohio court.

Accordingly, this Court finds that the Hagers need not demonstrate that they have standing to challenge the Ohio court's exercise of personal jurisdiction over Graham in order to challenge

6

the validity of the default judgment order as it applies to them as grounds for opposing lifting the stay in this action.

B. <u>Safe Auto's Obligation to Notify Plaintiffs in this Action of the Declaratory Judgment Action in Ohio</u>

According to Safe Auto, its motion for a limited lift of stay should be granted because under Ohio law, an injured party may not participate in a declaratory judgment case involving an insurance company and its insured until after the injured party obtains a judgment against the insured. According to Safe Auto (the insurer), it was under no legal obligation to notify the Hagers (the tort claimants) of the declaratory judgment action it brought against Graham (the tortfeasor), Safe Auto's insured. In support of its position, Safe Auto selectively cites a portion of the insurance statute and a portion of the Ohio Declaratory Judgment Act, and quotes an unpublished Ohio court opinion which relied upon a statement from a dissenting opinion in another Ohio case.

This Court believes that Safe Auto's conclusion that it was not obligated to notify the Hagers rests upon an incorrect characterization of the law in Ohio. First, Safe Auto quotes only a portion of Ohio's insurance statute. Ohio's insurance statute contains a provision which sets forth the circumstances in which liability insurance may be applied to satisfy a final judgment. <u>See</u> Ohio Rev. Code § 3929.06. As an initial matter, a tort claimant must obtain a judgment against the tortfeasor, thereby becoming a

7

judgment creditor.  See Ohio Rev. Code § 3929.06(A)(1).  Then, after obtaining such a judgment, the tort claimant (now also a judgment creditor) must wait 30 days to give the liability insurer time to pay the judgment.  See Ohio Rev. Code § 3929(A)(2), (B).  Finally, if, after the 30-day period, the insurer has not paid the limit of liability coverage, the tort claimant/judgment creditor may bring a civil action directly against the tortfeasor's insurer by filing a supplemental complaint against the insurer.  See Ohio Rev. Code § 3929 (A)(2), (B).  However, if the tortfeasor files a declaratory judgment action against the insurer during the 30-day period (or at any time after the 30-day period but before the tort claimant files a civil suit against the insurer), a declaratory judgment issuing from such action has a binding effect on the tort claimant/judgment creditor.  See Ohio Rev. Code § 3929.06(C)(2).  Safe Auto cites only that portion of § 3929.06 which discusses the binding effect of a declaratory judgment, but neglects to observe that such binding effect applies only to declaratory judgment actions commenced by the tortfeasor against the insurer after a liability judgment against the tortfeasor has been entered and before the tort claimant/ judgment creditor brings a direct action against the insurer.

Second, Safe Auto quotes only a portion of the Ohio Declaratory Judgment Act to support its contention that it was not obligated to notify the Hagers of the declaratory judgment action it had filed against Graham in the Ohio court.  Specifically, Safe Auto relies

8

upon the section of the Ohio Declaratory Judgment Act which states that a declaratory judgment resolving issues of liability between an insured and an insurer have binding legal effect as described in Ohio Revised Code § 3929.06(C)(2). See Ohio Rev. Code § 2721.12(B). However, Safe Auto neglects to refer this Court to subparagraph (A) of the same provision, which states: "[A]ll persons who have or claim any interest that would be affected by the declaration *shall be made parties* to the action or proceeding." Ohio Rev. Code § 2721.12(A) (emphasis added).

Finally, Safe Auto relies upon an unpublished Ohio state court opinion which concerned a settlement and which contained the following quote from the dissenting opinion in Indiana Insurance Company v. Murphy, 848 N.E.2d 889 (Ohio App. 3d Dist. 2006): "'The clear, unequivocal, and unambiguous statement of public policy contained in S.House Bill 58 is to remove any right of the alleged injured party to participate in a declaratory judgment action between the insurance company and the insured, unless and until the alleged injured party has obtained a final judgment for damages against the insured.'" Owen v. United Ohio Ins. Co., 2006 WL 2796281 (Ohio App. 11 Dist. 2006)(unpublished) (quoting Indiana Ins. Co., 848 N.E.2d at 898). However, the majority in Indiana Insurance, a published opinion, held that although a tort claimant may not commence a declaratory judgment action, "[n]othing in either the bill or in [the statute] precludes an injured tort claimant from

9

participating in a declaratory-judgment action brought by the insurer against the alleged tortfeasor[.]" Indiana Ins. Co., 848 N.E.2d at 897-98.

The selected sections of Ohio statutory and case law to which Safe Auto has limited its discussion lead Safe Auto to the following conclusion: "These statutes, when read together, provide clear authority that a person who may have a claim under the insurance policy of another does not have to be made a party to a declaratory judgment action and any finding, with . . . regard to the declaratory judgment action, has a binding effect upon the person having such a claim." (Def.'s Mot. for Limited Lift of Stay 5-6.)

At least two courts have recently held otherwise. The United States District Court for the Northern District of Ohio, in an unpublished opinion, has construed the above Ohio statutory law as follows: "A reading of these statutes in pari materiae leads one to conclude that, while a tort claimant cannot commence a direct action against the tortfeasor's insurer until it obtains a judgment against the tortfeasor, the holder of an insurance policy who files a declaratory judgment action seeking a determination as to whether the policy provides coverage to someone injured by the policyholder *must add the tort claimant to the action*." Polyone Corp. v. Nat'l. Fire Ins. Co. of Pittsburgh, Pa., 2008 WL 4592927 *5 (N.D. Ohio, Oct. 14, 2008)(unpublished) (emphasis added). The court reasoned: "This interpretation of the statutes makes sense. Prohibiting a

10

tort claimant from suing its tortfeasor's insurer before the claimant has obtained a favorable judgment on the underlying tort liability prevents courts from issuing advisory opinions regarding coverage when there may be no liability.  At the same time, requiring that tort claimants be made parties to insurance coverage declaratory judgment actions protects the interest of the tort claimant in a litigation the result of which would otherwise have a prejudicial and preclusive effect on that interest."  Id.

Similarly, the Court of Appeals of Ohio for Delaware County recently construed the relevant statutory provisions and held, in an unpublished opinion, that a tort claimant/judgment creditor was not bound by a declaratory judgment decision because, as is the situation in this action, the insurer filed its declaratory judgment action against its insured before the tort claimant commenced its action as a judgment creditor against the insurer.  See Estate of Heintzelman v. Air Experts, 2008 WL 4356286 *9 (Ohio App. 5 Dist. Sept. 24, 2008).[2]  There, the Heitzelmans, as the tort claimants, filed suit against the insured/tortfeasor for wrongful death and infliction of emotional distress.  Id. at *1.  The insurer defended the insured/tortfeasor in the lawsuit.  Id.  The tort claimants then dismissed the action without prejudice.  Id.  Thereafter, the

---

[2]Estate of Heintzelman v. Air Experts, Inc., 2008 WL 4356286 *9 (Ohio App. 5 Dist. September 24, 2008), is currently on appeal before the Ohio Supreme Court.  See Estate of Heintzelman v. Air Experts, Inc., 901 N.E.2d 244 (Ohio 2009).

11

insurer filed a declaratory action against the insured/tortfeasor seeking a judgment that the insurer had no duty to indemnify the insured/tortfeasor for any damages awarded to the tort claimants in the related action. Id. The insurer did not join the tort claimants (who were potential judgment creditors) as parties, nor did the tort claimants--who claimed not to have received notice of the declaratory judgment action--seek to intervene. Id. The trial court granted default judgment in favor of the insurer. Id. at *2.

Subsequently, the tort claimants re-filed the original action against the insured/tortfeasor. Id. The tort claimants prevailed and thereafter brought a supplemental complaint as judgment creditors against the insured alleging that the insured's policy provided coverage for the tort claimants' injuries and that the insurer had a duty to indemnify the insured/tortfeasor. Id. at **2-3. The insurer filed a motion for summary judgment on the tort claimants' supplemental complaint arguing, in part, that the tort claimants were barred from collaterally attacking the default judgment against the insured/tortfeasor. Id. at *3. The court of appeals reversed. Id. at **9-10. Construing Ohio's statutory provisions on declaratory judgment actions involving insurance coverage, the court of appeals determined that although a final judgment in a declaratory judgment action will have binding legal effect on the judgment creditor if the holder of the insurance policy commences the action against its insurer before the judgment

12

creditor commences its action against the insurer, a final judgment in a declaratory action brought by an insurer against its insured before the judgment creditor commences its action against the insurer is not binding against the judgment creditor. Id. at *9.

This Court finds the Heitzelman analysis particularly relevant to this action. Although the tort claimants in Heintzelman were also judgment creditors by virtue of having prevailed in their civil action against the insured tortfeasor, whereas in this action the Hagers are not judgment creditors (and may or may not ever be), the sequence of events in this action is sufficiently similar to that in Heintzelman. In both cases, the insurer filed a declaratory judgment action against its insured before the tort claimants filed a supplemental complaint as judgment creditors against the insurer. Here, the Hagers did sue insurer Safe Auto before Safe Auto filed its declaratory judgment action against Graham, but the Hagers' claims against Safe Auto are for bad faith and violations of West Virginia insurance law, not for damages for injuries arising directly out Safe Auto's insured's alleged liability. Under Ohio law, the Hagers cannot sue Safe Auto directly for payment of the insurance proceeds based upon the insured's liability unless and until the Hagers secure a judgment against the insured, thereby becoming judgment creditors, and even then only after they wait the required thirty-day period from the date of judgment before bringing a supplemental complaint directly against Safe Auto. Because the

13

tort action against the insured, Graham, was still pending at the time Safe Auto filed its declaratory judgment action (and, in fact, it is still pending), this Court believes that the interpretation by the <u>Heintzelman</u> court of the relevant Ohio statutes applies equally to this case. Therefore, this Court concludes that the Hagers are not bound by the default judgment entered by the Ohio court in favor of Safe Auto against Graham.

This Court is persuaded by the statutory language and the foregoing case law that Safe Auto had an obligation not only to notify the Hagers, as tort claimants and potential judgment creditors, of the declaratory judgment action but also to make them parties to that action and to obtain service of process upon them for that purpose if it wanted them to be bound by the judgment of the Ohio court in the declaratory judgment action. Therefore, Safe Auto's position that the Hagers are bound by the Ohio court's default judgment[3] in the declaratory judgment action lacks merit.

Moreover, in light of the foregoing, this Court concludes that the developments in this action do not justify lifting the stay. The reasons for granting the stay in the first instance warrant keeping it in effect pending resolution of the Hagers' claims against Graham in the Circuit Court of Ohio County, West Virginia.

---

[3]This Court, of course, offers no criticism of the Ohio court entering the default judgment as it appears that the Ohio court would have had none the issues decided by this Court when the Ohio court entered that judgment.

14

IV.  <u>Conclusion</u>

For the reasons stated above, Safe Auto's motions for a limited lift of stay (Doc. 37 and Doc. 41) are hereby DENIED.  This Court believes that it would be beneficial for the parties to file a written report with this Court as to the status of the underlying action in the Circuit Court of Ohio County which report should be filed on or before <u>June 9, 2009</u>.

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to counsel of record herein.

DATED:    May 26, 2009

/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE