IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

FRANKIE HAGER and
HELEN HAGER,

    Plaintiffs,

v.                                            Civil Action No. 5:05CV129
                                                          (STAMP)
DAMIEN GRAHAM and
SAFE AUTO INSURANCE CO.,

    Defendants.

**MEMORANDUM OPINION AND ORDER
DENYING DEFENDANT SAFE AUTO INSURANCE CO.'S
MOTION TO DISMISS**

I.  Facts and Procedural History

On July 6, 2005, the plaintiffs filed suit in the Circuit Court of Ohio County, West Virginia for injuries they allegedly suffered as a result of a motor vehicle accident. The plaintiffs sued defendant Damien Graham ("Graham") for negligence and Graham's insurer, defendant Safe Auto Insurance Company ("Safe Auto"), for bad-faith and for violations of West Virginia's Unfair Trade Practices Act. On August 15, 2005, defendant Safe Auto removed this action to this Court. Safe Auto then moved to dismiss Graham for failure to obtain service of process. On March 30, 2007, this Court granted that motion and dismissed defendant Graham without prejudice. However, this Court denied Safe Auto's motion to dismiss pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(6). Thereafter, the plaintiffs re-filed their negligence claims against Graham in the Circuit Court of Ohio County. On July

9, 2007, this Court granted Safe Auto's motion to stay the action before this Court pending resolution of the underlying action in state court.

On June 13, 2007, Safe Auto brought a declaratory judgment action against Graham in the Jefferson County Court of Common Pleas, Jefferson County, Ohio. The Ohio state court entered default judgment against Graham. Safe Auto then sought a limited lift of stay in this Court in which it sought an order recognizing and giving full faith and credit to the order by the Jefferson County Court of Common Pleas granting a default judgment in favor of Safe Auto for Graham's failure to appear and finding that Safe Auto had no duty to defend or indemnify Graham under his insurance policy for the motor vehicle accident giving rise to the plaintiff's suit. This Court denied that motion on May 26, 2009, finding that Safe Auto had an obligation not only to notify the Hagers of the declaratory judgment action, but also to make the Hagers parties to that action and to obtain service of process upon them for that purpose if it wanted the Hagers to be bound by the judgment of the Ohio court in the declaratory judgment action.

On October 27, 2009, the parties filed a status report at this Court's request. In that report, the parties notified this Court that the underlying state law case had been resolved via compromise of the under-insurance claim and release of Graham. This Court lifted the stay and amended the scheduling order on November 19,

2009. Thereafter, on January 25, 2010, Safe Auto filed a motion to dismiss for lack of personal jurisdiction pursuant to Rule 12(b)(2). The plaintiffs filed a response in opposition to the motion to dismiss to which Safe Auto filed a reply. For the reasons discussed below, defendant Safe Auto's motion to dismiss is denied.

## II. Applicable Law

Lack of personal jurisdiction is a privileged defense. Marcial Ucin, S.A. v. SS Galicia, 723 F.2d 994, 996 (1st Cir. 1983). By failing to raise a defense identified in Rule 12(h)(1) either in a pre-answer motion or in its answer, a defendant "waives that defense and submits to the personal jurisdiction of the court . . . ." Pusey v. Dallas Corp., 938 F.2d 498, 501 (4th Cir. 1991). Rule 12(h), however, "'sets only the outer limits of waiver; it does not preclude waiver by implication.'" Yeldell v. Tutt, 913 F.2d 533, 539 (8th Cir. 1990) (quoting Marquest Med. Prods. v. EMDE Corp., 496 F. Supp 1242, 1245 n.1 (D. Colo. 1980)). As a privilege, the personal jurisdiction defense may be waived "'by failure [to] assert [it] seasonably, by formal submission in a cause, or by submission through conduct.'" Id. (quoting Neirbo Co. v. Bethlehem Corp., 308 U.S. 165, 168 (1939)). Therefore, if a defendant challenges the court's jurisdiction, the challenge must be made in a timely manner. Wyrough & Loser, Inc. v. Pelmor Labs., Inc., 376 F.2d 543, 546 (3d Cir. 1967).

III. <u>Discussion</u>

In its motion to dismiss, Safe Auto contends that it was not licensed to, and did not, transact insurance business in West Virginia. Safe Auto alleges that the only connection this civil action has with West Virginia is that the plaintiffs are West Virginia residents and that the accident occurred in West Virginia. Safe Auto believes that these connections are not sufficient to subject it to the personal jurisdiction of this Court. The plaintiffs argue that Safe Auto waived the personal jurisdiction defense by not raising the Rule 12(b)(2) issue earlier. In reply, Safe Auto contends that it did not waive the personal jurisdiction defense. Rather, Safe Auto states that while it did not specifically assert a defense using the exact phrase "personal jurisdiction," it did deny that it "purposefully availed itself of the privileges and benefits of conducting business in the State of West Virginia" and reserved "the right to assert any and other defense or claim, counterclaim, crossclaim or third party claim that may be apparent after further discovery."

Even assuming, without deciding, that the general denial of personal jurisdiction in the answer constituted a Rule 12(b)(2) defense, Safe Auto then complied with the literal requirement of Rule 12(h) by including the personal jurisdiction issue in the answer, but Safe Auto "did not comply with the spirit of the rule, which is 'to expedite and simplify proceedings in the Federal

Courts.'" Yeldell, 913 F.2d at 539 (quoting 5A Wright & Miller, Federal Practice and Procedure § 1342, at 162 (2d ed. 1990)). Merely asserting a jurisdictional defect in the answer does "'not preserve the defense in perpetuity.'" Id. (quoting Burton v. N. Dutchess Hosp., 106 F.R.D. 477, 481 (S.D.N.Y. 1985)). There is a limit to the extent that a defendant can litigate a case without waiving the personal jurisdiction defense. See Reliable Tire Distribs., Inc. v. Kelly, 623 F. Supp. 153 (E.D. Pa. 1985) (finding the personal jurisdiction defense waived where the defendant filed a counterclaim and a summary judgment motion, then raised the personal jurisdiction defense five and one half years after the defense was first asserted); Yeldell, 913 F.2d at 539 (holding that providing a bald assertion of lack of personal jurisdiction in the answer, followed by participation in discovery, the filing of various motions, participation in a trial and the filing of post trial motions manifested an intent to submit to the personal jurisdiction of the court); Marcial Ucin, 723 F.2d at 997 (finding waiver of personal jurisdiction where the defendant appeared in court and took various depositions then filed a motion to dismiss four years after raising the personal jurisdiction issue); Network Prof'ls, Inc., v. Network Int'l Ltd., 146 F.R.D. 179, 182 (D. Minn. 1993) (concluding the defendant waived personal jurisdiction where the defendant raised the defense eight months after the case commenced after first responding in writing to a motion for

5

preliminary injunction, participating in discovery, and submitting affidavits to the magistrate judge in connection with motions to compel discovery).

In this case, Safe Auto has actively participated in litigation. While Safe Auto argues that it just now filed the motion to dismiss because this Court stayed the case, that argument must fail. Safe Auto removed this case to this Court on August 15, 2005. Safe Auto answered the plaintiffs' complaint on January 4, 2006. On August 9, 2006, Safe Auto filed a motion to dismiss pursuant to Rule 4 for failure to secure service of process and Rule 12(b)(6) for failure to state a claim. The August 9, 2006 motion does not mention the Rule 12(b)(2) personal jurisdiction issue. On September 12, 2006, Safe Auto jointly submitted the report of the Rule 26(f) planning meeting. On July 5, 2007, almost two years after the removal of the action to this Court, Safe Auto filed a motion to stay proceedings. Before the stay was lifted, the defendants participated in a second Rule 26(f) planning meeting and filed a motion to lift the stay requesting that this Court recognize a state court default judgment against defendant Graham and requesting that this Court find that it had no duty to defend or indemnify. Two months after this Court lifted the stay in this case, the plaintiffs filed this motion to dismiss along with a motion to stay discovery and a motion for summary judgment. For Safe Auto now to argue that it waited until January 25, 2010 to

file this motion to dismiss because it was prohibited from filing such a motion during the pendency of the stay violates the spirit of Rule 12(h).

Safe Auto's contention that it did not waive the personal jurisdiction defense because it reserved the right to raise any defenses after further discovery must also fail. This defense must be raised seasonably. Neirbo, 308 U.S. at 168. A party may not reserve the right to raise a Rule 12(b)(2) motion at a later time. Fed. R. Civ. P. 12(h).

Even assuming, without deciding, that there is no personal jurisdiction over Safe Auto in this action, this Court finds that Safe Auto has waived its Rule 12(b)(2) personal jurisdiction defense. Accordingly, defendant Safe Auto's motion to dismiss is denied.

## IV. Conclusion

For the reasons stated above, defendant Safe Auto's motion to dismiss pursuant to Rule 12(b)(2) for lack of personal jurisdiction is hereby DENIED.

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to counsel of record herein.

DATED:    March 2, 2010

/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE