IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

FRANKIE HAGER and
HELEN HAGER,

    Plaintiffs,

v.                                       Civil Action No. 5:05CV129
                                                      (STAMP)
DAMIEN GRAHAM and
SAFE AUTO INSURANCE CO.,

    Defendants.

**MEMORANDUM OPINION AND ORDER
DENYING DEFENDANT SAFE AUTO INSURANCE CO.'S
MOTION TO EXTEND DEADLINE TO FILE MOTION TO AMEND PLEADING
AND DENYING DEFENDANT SAFE AUTO INSURANCE CO.'S
MOTION TO AMEND ANSWER TO COMPLAINT**

I.   Background

On July 6, 2005, the plaintiffs filed suit in the Circuit Court of Ohio County, West Virginia for injuries they allegedly suffered as a result of a motor vehicle accident. The plaintiffs sued defendant Damien Graham ("Graham") for negligence and Graham's insurer, defendant Safe Auto Insurance Company ("Safe Auto"), for bad-faith and for violations of West Virginia's Unfair Trade Practices Act. On August 15, 2005, defendant Safe Auto removed this action to this Court. Safe Auto then moved to dismiss Graham for failure to obtain service of process. On March 30, 2007, this Court granted that motion and dismissed defendant Graham without prejudice. However, this Court denied Safe Auto's motion to dismiss pursuant to Federal Rule of Civil Procedure ("Rule")

12(b)(6). Thereafter, the plaintiffs re-filed their negligence claims against Graham in the Circuit Court of Ohio County. On July 9, 2007, this Court granted Safe Auto's motion to stay the action before this Court pending resolution of the underlying action in state court. When the underlying action was resolved, this Court then lifted the stay and amended the scheduling order on November 19, 2009. Thereafter, on March 17, 2010, Safe Auto filed a motion to extend the deadline to file a motion to amend pleadings and a motion to amend its answer to the complaint. Safe Auto seeks to remove an "erroneous admission" to being regulated by the West Virginia Unfair Claims Settlement Practices Act and to remove internal inconsistencies as it denies being governed by the West Virginia Unfair Trade Practices Act by transposing paragraphs 17 and 18. Safe Auto also states that based upon the defenses set forth in its answer, it believes it is clear that a coverage issue under an automobile liability policy is at issue in this case. Safe Auto believes that, as a result, the answer should have admitted the existence of the policy in response to paragraph 18, but failed to do so. Safe Auto states that it intends to clarify paragraph 25, in which it had originally admitted the entire paragraph, by instead admitting a portion of the allegations contained in paragraph 25 of the complaint and denying the remainder of the allegations. Safe Auto also proposes to modify its fourth defense, which is a list of affirmative defenses, to

state that the Federal Rules of Civil Procedure, rather than the West Virginia Rules of Civil Procedure, are applicable.  Finally, Safe Auto seeks to change its answers in paragraphs 22, 23, and 24 from "without knowledge or information" to "denies."  The plaintiffs filed a response in opposition to both motions, to which Safe Auto filed a combined reply.  For the reasons discussed below, defendant Safe Auto's motion to extend the deadline in the scheduling order to file a motion to amend pleadings is denied and Safe Auto's motion to amend its answer to the complaint is denied.

## II. Applicable Law

Federal Rule of Civil Procedure ("Rule") 16(b) states in pertinent part that:  "[T]he district judge must issue a scheduling order . . . .  The scheduling order must limit the time to join other parties, amend the pleadings, compete discovery, and file motions . . . .  A schedule may be modified only for good cause and with the judge's consent."  Accordingly, once a court enters a scheduling order, the Court may only modify it for good cause. See Nourison Rug Corp. v. Parvizian, 535 F.3d 295, 298 (4th Cir. 2008) ("[A]fter the deadlines provided by a scheduling order have passed, the good cause standard must be satisfied to justify leave to amend the pleadings.").  "If the moving party satisfies Rule 16(b), the movant then must pass the tests for amendment under Rule 15(a)." Marcum v. Zimmer, 163 F.R.D. 250, 254 (S.D. W. Va. 1995).

Rule 15(a)(1)(A) states, in pertinent part, that "[a] party may amend its pleading once as a matter of course . . . before being served with a responsive pleading." If a party seeks to amend its pleadings in all other cases, it may only do so "with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2).

Rule 15(a) grants the district court broad discretion concerning motions to amend pleadings, and leave should be granted absent some reason "such as undue delay, bad faith, or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment or futility of the amendment." Foman v. Davis, 371 U.S. 178, 182 (1962); see also Ward Elec. Serv. v. First Commercial Bank, 819 F.2d 496, 497 (4th Cir. 1987); Gladhill v. Gen. Motors Corp., 743 F.2d 1049, 1052 (4th Cir. 1984).

### III. Discussion

Defendant Safe Auto seeks to amend its answer pursuant to Rule 15(a) and 16(b) to "correct certain typographical errors which make certain responses and the defenses set forth therein in conflict with one another." Safe Auto contends that good cause exists under Rule 16(b) for this Court to grant its motion to amend the answer outside of the time period set forth in this Court's

4

scheduling order.  Safe Auto states that its present counsel has only recently become involved in this civil action and that it "just notice[d] that it is necessary to amend the Answer previously filed due to certain typographical errors."  Safe Auto states that its counsel has moved quickly upon discovery of the errors in the original answer and, because the case is still in the discovery phase, the plaintiffs will not be unduly prejudiced by the granting of this motion.  In response, the plaintiffs assert that the scheduling order deadline of February 16, 2010 for an amendment of the pleadings has passed and that under Federal Rule of Civil Procedure 16(b), Safe Auto has not shown good cause to permit it to amend its answer.  After considering the parties' arguments, this Court finds that Safe Auto's motion to extend the deadline to file a motion to amend the pleadings should be denied and Safe Auto's motion to amend the answer to the complaint should be denied.

This Court finds that Safe Auto untimely filed its motion for leave to amend the answer.  Further, the facts of this case show that Safe Auto cannot meet the good cause requirement of Rule 16(b).  The "touchstone of 'good cause' under Rule 16(b) is diligence." Marcum, 163 F.R.D. at 255.  Safe Auto argues that it filed its motion as soon as it realized the need to amend the answer.  That subjective standard, however, is not the standard for diligence.  The law firm representing Safe Auto appeared September 6, 2007.  This Court lifted the stay in this case and issued an

5

amended scheduling order on November 19, 2009.  On January 25, 2010, Safe Auto filed a motion to dismiss, a motion for summary judgment, and a motion to stay discovery.  This Court notes these filings because Safe Auto, represented by its current law firm and current lead trial counsel, quoted from its answer to the complaint in its reply to its motion to dismiss.  Further, the plaintiffs stated in their response to Safe Auto's motion to dismiss that "Safe Auto has admitted they are governed by the West Virginia Unfair Trade Practices Act and Insurance Regulations . . . .  Safe Auto responded to this specific averment by clearly stating "**[t]his Defendant admits the allegation contained in the paragraph numbered 17 of Count II of the Complaint"** (emphasis in original).  This Court agrees with the plaintiffs that Safe Auto's filing of these motions was dilatory as the plaintiffs pointed out to the defendants in bold font prior to the deadline for amending pleadings one of the main statements Safe Auto now seeks to correct in its answer.

Even if this Court looked to the even more liberal standard of Rule 15(a), it could not grant Safe Auto's motions.  This Court believes the plaintiffs would be unduly prejudiced if this Court granted Safe Auto's motions.  Discovery closes on April 19, 2010.  If this Court granted the defendant's motions, the discovery deadline and trial would probably need to be continued.  The defendants removed this case on August 15, 2005.  This Court finds

6

additional delay and additional trial expenses would prejudice the plaintiffs. This Court further notes that neither an inconsistent answer nor any other alleged defect in the original answer will prejudice Safe Auto. This Court will look to Safe Auto's inconsistent statements in its pleadings, if any, in light of the law and facts in this case.

IV. Conclusion

For the reasons stated above, defendant Safe Auto's motion to extend the deadline to file a motion to amend the pleadings is DENIED and Safe Auto's motion to amend the answer to the complaint is DENIED.

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to counsel of record herein.

DATED:    April 16, 2010

/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE