**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF WEST VIRGINIA**

FRANKIE HAGER and
HELEN HAGER,

       Plaintiffs,

v.                                     Civ. Action No. 5:05CV129

DAMIEN GRAHAM and
SAFE AUTO INSURANCE COMPANY

       Defendants.

## ORDER GRANTING PLAINTIFF'S MOTION TO COMPEL

On April 2, 2010, came the above named Plaintiffs, Frankie Hager and Helen Hager ("Plaintiffs"), by Theodore Tsoras, via telephone, and the above named Defendant, Safe Auto Insurance ("Defendant"), by Maria Potter and David Goldstein, via telephone, for an evidentiary hearing and argument on Plaintiffs' Motion to Compel. Testimony was not taken, and no other evidence was introduced.

## I. INTRODUCTION

A.      Background

This action, alleging negligence and bad faith, was originally filed by the Plaintiffs in the Circuit Court of Ohio County, West Virginia, and was removed to this Court on August 15, 2005.[1] On March 30, 2007, the District Court issued a Memorandum, Opinion, and Order granting Defendants' Motion to Dismiss Defendant Damien Graham for failure to properly effect

---

[1] Dkt. No. 1.

process upon Defendant Graham.[2] While Defendants' Motion to Dismiss Defendant Graham was pending, Plaintiffs re-filed their negligence claim against Damien Graham in the Circuit Court of Ohio County, West Virginia. Thereafter, the District Court granted Defendant's Motion to Stay pending the resolution of Plaintiffs' claims against Damien Graham in the Circuit Court of Ohio County, West Virginia.[3] On November 19, 2009, and after resolution of the matter in the Ohio County Circuit Court, the District Court lifted the stay and amended the scheduling order.[4]

B.      The Motion

        Plaintiffs' Motion to Compel[5]

C.      Decision

        1.      Defendant's objections that the Request for Production No. 1 was vague, ambiguous, overly broad, unduly burdensome and oppressive on its face and not in compliance with Rule 34(b) are improper. Additionally, Defendant's objection that the requested information is protected by the attorney-client privilege and the work product doctrine is improper because Defendant did not comply with the required discovery process when asserting the privilege. Therefore, Plaintiffs' Motion to Compel is **GRANTED**.

        2.      Defendant's objection that the Request for Production No. 2 was vague, ambiguous, and overly broad is without merit. Additionally, Defendant is judicially estopped

_____

[2] Dkt. No. 26.

[3] Dkt. No. 31.

[4] Dkt. No. 52.

[5] Dkt. No. 86.

2

from arguing it is not subject to West Virginia insurance law because it admitted to such in its answer to Plaintiff's complaint. Finally, Defendant's objection that the Request exceeded the scope of West Virginia Code §33-11-4(10), is sustained; however, Defendant is directed to produce the information in accordance with §33-11-4(10).

Therefore, Plaintiffs' Motion to Compel is **GRANTED**. Defendant is directed to respond to Plaintiffs' Request for Production of Documents Nos. 1 and 2 within **14 days** from the date of this Order.

## II. <u>FACTS</u>

1.     On January 8, 2010, Plaintiffs served Plaintiffs' Request for Production of Documents.[6]

2.     On January 25, 2010, Defendant filed a Motion to Stay Discovery.[7]

3.     On February 8, 2010, Plaintiffs filed a Response to Defendant's Motion to Stay Discovery.[8]

4.     On February 9, 2010, the District Court entered an Order Denying Defendant's Motion to Stay Discovery and directed Defendant to respond to Plaintiffs' discovery requests by February 17, 2010.[9]

5.     On February 17, 2010, Defendant served Defendant's Responses to Plaintiffs'

---

[6] Dkt. No. 53.

[7] Dkt. No. 59.

[8] Dkt. No. 69.

[9] Dkt. No. 73.

First Set of Requests for Production of Documents.[10]

6.      On March 12, 2010, Plaintiffs' counsel wrote to defense counsel explaining the inadequacies of certain responses to Plaintiffs' Request for Production of Documents.[11]

7.      On March 16, 2010, Plaintiffs' counsel faxed the letter sent on March 12 to defense counsel.[12]

8.      On March 17, 2010, Plaintiffs' filed this Motion to Compel.[13]

9.      On April 1, 2010, Defendant filed a Response to Plaintiffs' Motion to Compel.[14]

### III.  PLAINTIFF'S MOTION TO COMPEL

1.      Contentions of the Parties

Plaintiffs make four arguments responding to Defendant's objections to the Request for Production No. 1.  First, Plaintiffs argue that Defendant's objection that the request is vague, ambiguous, overly broad, unduly burdensome and oppressive is an improper general objection and is without merit.  Second, Plaintiffs argue that Defendant's objection as to attorney-client privilege and work product doctrine is an improper general objection that is not substantially justified.  Third, Plaintiffs argue that Defendant improperly asserted the attorney-client privilege because it did not provide a privilege log and has therefore waived the privilege.  Finally, Plaintiffs argue that irrespective of the applicability of the attorney-client privilege and the work

---

[10] Dkt. No. 76.

[11] Dkt. No. 86, Exh. B.

[12] Dkt. No. 86, Exh. C.

[13] Dkt. No. 86.

[14] Dkt. No. 96.

product doctrine, Plaintiffs are still entitled to the requested information because they have shown a compelling need.

Defendant contends that Plaintiffs' Request for Production No. 1 is not in compliance with Rule 34(b) of the Federal Rules of Civil Procedure and the ruling of the West Virginia Supreme Court of Appeals that blanket requests for claim files are overly broad. Defendant also argues that the requested information is protected by the attorney-client privilege and work product doctrine and that, because Plaintiffs have not obtained a release from the insured and have failed to describe the documents with reasonable particularity, Defendant is not required to prove the elements of the attorney-client privilege.

In response to Defendant's objections in Request for Production No. 2, Plaintiffs first argue that Defendant's objection that it is not subject to regulation in West Virginia is without merit. Specifically, Plaintiffs argue that Defendant admitted to being governed by the West Virginia Unfair Trade Practices Act and Insurance Regulations in its answer to Plaintiffs' complaint and waived the personal jurisdiction defense. Second, Plaintiffs argue that the West Virginia Code sections require the maintenance of insurance documents and these documents are not protected from discovery under the Code sections. Further, Plaintiffs argue that the documents are relevant to establishing the frequency of Defendant's behavior and in assessing punitive damages. Finally, Plaintiffs argue that Defendant's objection that the Request is vague and ambiguous is an improper general objection and without merit.

In its Response, Defendant contends that the regulations do not require any insurer to maintain a file of complaints but a record of complaints. Additionally, Defendant contends that the statutory requirements apply only to insurers that transact business in West Virginia and are

subject to regulations by the West Virginia Insurance Commissioner. Defendant argues that it does not transact the business of insurance in West Virginia and is therefore not subject to regulation by the Insurance Commissioner. Finally, Defendant states that it does not have files of complaints, and, therefore, they are unable to produce the documents.

2.      Discussion

Unless limited by a court order, parties in civil litigation enjoy broad discovery as detailed in Fed. R. Civ. P. 26(b)(1):

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense - including the existence, description, nature, custody, condition, and location of any documents or other tangible things and the identity and location of persons who knows of any discoverable matter. . . . Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence."

"[T]he discovery rules are given 'a broad and liberal treatment.'" Nat'l Union Fire Ins. Co. of Pittsburgh, P.A. v. Murray Sheet Metal Co. Inc., 967 F.2d 980, 983 (4th Cir. 1992) (quoting Hickman v. Taylor, 329 U.S. 495, 507 (1947)). However, the discovery sought must be relevant. Fed. R. Civ. P. 26(b)(1); see also St. Bernard Sav. and Loan Ass'n v. Levet, Civ. A. No. 91-4493, 1993 WL 386321, at *1 (E.D. La. Sept. 16, 1993) (stating that "the Rule 26 requirement that material sought in discovery be relevant should be firmly applied and courts should exercise appropriate control over the discovery process").[15]  To be relevant, the information sought must be "'any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case.'" Hickman, 329 U.S. at 501.

---

[15] This court recognizes the United States Court of Appeals for the Fourth Circuit disfavors citation to unpublished opinions. It recognizes the reasons for this and acknowledges them.

Parties may serve on each other requests "to produce and permit the requesting party or its representative to inspect, copy, test, or sample . . . items in the responding party's possession, custody, or control." Fed. R. Civ. P. 34(a)(1) (West 2010). Parties may request the following items:

> any designated documents or electronically stored information - - including writings, drawings, graphs, charts, photographs, sound recordings, and other data or data compilations - - stored in any medium from which information can be obtained either directly or, if necessary, after translation by the responding party into a reasonably usable form . . . .

Fed. R. Civ. P. 34(a)(1)(A). Requests must describe with "reasonable particularity" the item to be produced. Fed. R. Civ. P. 34(b)(1). Responses must either state the request is permitted or state an objection, stating the reasons for the objection. Fed. R. Civ. P. 34(b)(2)(B). Objections to only part of a request must indicate the part and permit inspection of the rest. Fed. R. Civ. P. 34(b)(2)(C). Objections cannot be conclusory but must contain an explanation as to why the request is objectionable. <u>Frontier-Kemper Constructors, Inc. v. Elk Run Coal Co., Inc.</u>, 246 F.R.D. 522, 530-31 (S.D.W.V. 2007) (finding that boilerplate objections to defendant's requests for production of documents, which indicated simply that requests were overbroad, unduly burdensome, and not reasonably calculated to lead to discovery of admissible evidence, did not comply with rule, which required specific objections).

A party may move for an order to compel discovery or disclosure from an opposing party. Fed. R. Civ. P. 37(a). Federal Rule 37(a)(1) requires that when a party files a motion to compel, he must include in his motion "a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action." Furthermore, the Local Rules mandate that

"[b]efore filing any discovery motion . . . counsel for each party shall make a good faith effort to meet in person or by telephone to narrow the areas of disagreement to the greatest possible extent. It shall be the responsibility for the moving party to arrange for the meeting." LR Civ P 26.04(b). The failure to follow the requirement to confer, or attempt to confer, is grounds for the court to deny the motion to compel. See Ambu, Inc. v. Kohlbrat & Bunz Corp., 2000 WL 17181, at 2 (W.D.N.C. 2000) (stating "the fact that Defendants did not confer with opposing counsel and attempt to resolve this dispute before filing the motion to compel is sufficient reason to deny the motion."); Jayne H. Lee, Inc. v. Flagstaff Indus. Corp., 173 F.R.D. 651, 656 n. 13 (D.Md. 1997) (stating that there must "have been good faith efforts to resolve the [discovery] dispute before filing the motion [to compel]."). Motions to compel responses to interrogatories are governed by Federal Rule of Civil Procedure 37(a)(3)(B). This Rule provides that parties may move for an order compelling a response to requests for production under Rule 34. Fed. R. Civ. P. 37(a)(3)(B)(iv).

Plaintiffs included a good faith certification; therefore, the Motion to Compel may be decided on the merits.

<u>Request for Production No. 1</u>

Request for Production of Documents No. 1: The <u>complete</u> investigative files and claims files (including their original folders and binders and all documents therein) of Safe Auto in connection with the underlying claims of plaintiffs arising from the accident of June 4, 2004, including, but not limited to, claims files maintained by adjusters, claims files maintained by claims examiners, claims files maintained by district or regional offices and claims files maintained by the home office of Safe Auto. These files are to be produced in their entirety, in their original state, complete with original file jacket and any notes or attachments thereto. All data on computers that is not printed on paper concerning these files, including but not limited to e-mail, diaries or logs of any kind, and all other data of any kind or nature, is to be printed out and included with the documents requested.

Defendant objected to Plaintiffs' request on 4 different grounds. First, Defendant argued that the request "exceeds the scope of discovery permitted under Rules 26(b) and 34 . . . in that it is vague, ambiguous, overly broad, unduly burdensome and oppressive on its face." Second, Defendant argued that the request "does not comport with the dictates of Rule 34(b) . . . which requires that each item or category of document requested be described with 'reasonable particularity.'" Third, Defendant argued that the request "improperly seeks documents protected from disclosure by the operation of attorney-client privilege and the work product doctrine." Finally, Defendant argued that the request "is in direct contradiction to the dictates of <u>State ex rel. Allstate Insurance Co. v. Gaughan</u> . . . in which the West Virginia Supreme Court of Appeals noted that it can discern no legislative intent by way of statute which gives the general public access to records, including claim files maintained by insurance companies," held that blanket requests for claim files is *per se* overly broad, and found that access to claim files is permitted only where the insured has provided a signed waiver permitting access. Each of Defendant's objections and the corresponding arguments will be addressed in turn.

1.    Request Exceeds Scope of Discovery

Defendant argues that the request exceeds the scope of discovery in that it is vague, ambiguous, overly broad, unduly burdensome and oppressive on its face. In their Motion to Compel, Plaintiffs argue that the objection is an improper general objection.

Grounds for objecting to discovery must be stated with specificity. Fed. R. Civ. P. 34(b)(2)(B). It is well established in this jurisdiction that general objections are impermissible. <u>Fisher v. Baltimore Life Ins. Co.</u>, 235 F.R.D. 617, 622 (N.D.W.Va. 2006). General objections to discovery, without more, do not satisfy the burden of the responding party under the Federal

Rules of Civil Procedure to justify objections to discovery because they cannot be applied with sufficient specificity to enable courts to evaluate their merits. <u>Convertino v. U.S. Dept. of Justice</u>, 565 F.Supp.2d 10, 13 (D.D.C. 2008).

Though a general objection on vagueness, ambiguity, broadness, and excessive burden without more does not comply with the requirements of Rule 34, specific grounds in addition to the boilerplate is permissible. The Rule states that the responding party must specify the grounds for each objection. It does not say that a general objection in addition to the specific grounds is noncompliant. Here, Defendant lists three specific grounds for objecting to the request. Therefore, the Court is able to evaluate the merits of Defendant's objections and determine whether the request was proper. Accordingly, though this objection, without more, may be in contradiction to Rule 34, this part of the objection does not render the objection as a whole noncompliant and improper.

2.      Request does not Comport with Rule 34(b)

Defendant argues that the request does not comport with the dictates of Rule 34(b). Rule 34 states that the request "must describe with reasonable particularity each item or category of items to be inspected." Fed. R. Civ. P. 34(b)(1)(A). "The test for reasonable particularity is whether the request places the party upon 'reasonable notice of what is called for and what is not." <u>Kidwiler v. Progressive Paloverde Ins. Co.</u>, 192 F.R.D. 193, 202 (N.D.W.V. 2000). "Therefore, the party requesting the production of documents must provide 'sufficient information to enable [the party to whom the request is directed] to identify responsive documents.'" <u>Id</u>. (citing <u>Parsons v. Jefferson-Pilot Corp.</u>, 141 F.R.D. 408, 412 (M.D.N.C. 1992)). This test, however, is a matter of degree depending on the circumstances of the case. <u>Id</u>.

n.98; <u>see</u> <u>also</u>, <u>U.S. v. National Steel Corp.</u>, 26 F.R.D. 607 (S.D.Tex. 1960) (stating that particularity or preciseness of designation depends on circumstances of each case, and the goal is that the description be sufficient to apprise man of ordinary intelligence which documents are required).

Plaintiffs' Request for Production No. 1 requests the complete investigative files and claims files of Defendant in connection with the underlying claims by Plaintiffs arising from the accident on June 4, 2004. The request does not fail for specificity. Plaintiffs request only the files relating to the accident involving Plaintiffs on June 4, 2004. Additionally, Plaintiffs specify the source for the claims files by requesting that Defendant include files maintained by adjusters, claims examiners, district or regional offices, and the home office. The files in their entirety are relevant to Plaintiffs' case. Requiring Plaintiffs to further specify the requested documents may hinder Plaintiffs' right to discovery. Without knowing what exactly is in the file, Plaintiffs are unable to request with exact specificity the documents that may assist in their claim. Accordingly, this objection must be overruled.

3.     Request Improperly Seeks Documents Protected by Privilege and Work Product Doctrine

and

4.     Request is Contrary to West Virginia Law

In the objection, Defendant argues that the request seeks documents that are protected by the attorney-client privilege and the work product doctrine. Additionally, Defendant argues that the request is in direct contradiction to the dictates of <u>State ex rel. Allstate Insurance Co. v. Gaughan</u>, in which the West Virginia Supreme Court of Appeals held that blanket requests for claim files is *per se* overly broad and found that access to claim files is permitted only where the

11

insured has provided a signed waiver permitting access.  See State ex rel. Allstate Insurance Co.
v. Gaughan, 508 S.E.2d 75, 90 (W.V. 1998).

In their motion to compel, Plaintiffs argue that Defendant's objection was an improper
general objection and Defendant failed to provide the required privilege log.  Defendant
responds using Gaughan to argue that documents generated on or after the complaint is filed
against the insured are protected by a quasi attorney-client privilege, which may be asserted by
the insurer.  Further, Defendants contend that because Plaintiffs have not obtained a release to
access the claim file from the insured and have failed to describe the documents requested with
reasonable particularity, Plaintiffs have not met their burden and Defendant is not required to
prove the elements of the attorney-client privilege.

Federal Rule 26(b)(5) provides that when a party withholds otherwise discoverable
information claiming that the information is protected under privilege or work product doctrine,
the party must expressly state that the information is protected and describe the nature of the
information, without revealing the information itself, to allow other parties to assess the claim.
Fed. R. Civ. P. 26(b)(5)(A).  "The Local Rules require more specific information to be
disclosed."  Twigg v. Pilgrim's Pride Corp., 2007 WL 676208, at 8 (N.D.W.Va. 2007).  "Where
a claim of privilege is asserted in response to discovery or disclosure other than a deposition, and
information is not provided on the basis of such assertion, the information set forth in paragraph
(a) above shall be furnished in writing at the time of the response to such discovery or disclosure,
unless otherwise ordered by the Court."  LR Civ P. 26.04(a)(2)(C).  The party asserting the
privilege shall, in the objection, identify the nature of the privilege and identify the type of
document; general subject matter of the document; date of the document; and "other information

as is sufficient to identify the document for a subpoena duces tecum, including, where appropriate," the author, the addressees and other known recipients, and the relationship of the author, addressees, and other recipients.  LR Civ P 26.04(a)(2)(A).

Here, Defendant did not provide a privilege log; however, Defendant does argue that the information is protected from discovery using State ex rel. Allstate Insurance Co. v. Gaughan. Therefore, the objection is not plainly deficient.  See Twigg, 2007 WL 676208, at 9 (finding that discovery response was plainly deficient under both the Federal and Local Rules because the defendant "did not provide any privilege log or otherwise specify in any manner why the material sought was protected from discovery").  Accordingly, further discussion of Defendant's privilege argument follows.

Defendant relies on the opinion of the West Virginia Supreme Court of Appeals in Gaughan.  While the Court in Gaughan does hold that insurers may assert a quasi attorney-client privilege and the work product rule in third-party bad faith actions when receiving a request for discovery, the Court does not hold that the privilege is absolute and immediate.  Gaughan involved a third-party bad faith action stemming from an automobile accident.  The injured party asserted the bad faith claim against the insurer and during discovery requested, among other information, the complete investigative claim file maintained by the insurer relating to the action the injured party instituted against the insured.  508 S.E.2d 75, 81.  Because the insurer only produced some of the requested information, the injured party filed a motion to compel seeking the remaining information.  Id.  The Circuit Court of Ohio County, West Virginia, entered two orders requiring the insurer to produce, among other information, the specific claim file documents involving the personal injury action instituted by the injured party against the

insured.  Id.  The insurer appealed, alleging that the requested information was protected by the attorney-client privilege.  Id. at 85.

The Court engaged in a lengthy discussion regarding discovery procedures and privilege in determining whether an insurer can assert the attorney-client privilege and work product doctrine in third-party bad faith actions to prevent an injured party from obtaining specific documents from the file of the insured.  Id. at 85-86.  The Court found it particularly noteworthy that the injured party received a waiver from the insured.  Id.  Ultimately, the Court held that in a third-party bad faith action where the insured signs a release of his/her claim file to an injured party and the injured party then requests documents related to the underlying insurance claim (i.e., the action that led to the filing of the complaint by the third-party against the insured), the insurer can raise the work product rule to protect documents generated prior to the complaint filing and raise a quasi attorney-client privilege to protect documents generated after the complaint is filed against the insured.  Id. at 89-92.

In coming to these holdings, the Court addresses additional concerns with regard to asserting the privilege and work product rule.  First, the Court finds that before the insurer can raise the quasi attorney-client privilege, the injured party, after obtaining a release from the insured party, must provide some reasonable description of each communication sought.  Id. at 90 (stating that the injured party may not merely request all communication in the claim file). Only thereafter may the insurer raise the privilege or doctrine.  If the insurer raises the quasi attorney-client privilege, the insurer must prove the elements of the traditional common law privilege for each communication it seeks to shield from discovery, and the trial court must make an independent determination for each communication.  Id. at 90.  Second, realizing the

harshness of the privilege, the Court held that, upon showing a compelling need, the injured

party may obtain discovery of documents found to be protected by the quasi attorney-client

privilege.  Id. at 91.

The facts and circumstances of Gaughan differ from the case at bar; however, Gaughan

still applies.  In Gaughan, the injured party had a release signed by the insured for the insured's

records in the custody of the insurer.  Despite the release, the Court found that the insurer could

assert the attorney-client privilege and the work product doctrine.  Here, Plaintiffs do not have a

release from the insured.  Accordingly, if the Court in Gaughan allowed the insurer to assert a

privilege for documents for which the injured party had obtained a release from the insured,

there is no question that the West Virginia Court would allow Defendant to assert a privilege for

documents, which Plaintiffs had not obtained a release.  Defendant is, therefore, correct in its

assertion that the privilege applies.  However, Defendant overlooks the decision of the West

Virginia Supreme Court in State ex rel. Westfield Insurance Co. v. Madden, 602 S.E.2d 459

(W.Va. 2004).

In Madden, both the injured party and the insured initiated bad faith actions against the

insurer.  Madden, 602 S.E.2d at 462.  During discovery, both parties sought from the insurer the

file the insurer generated for the underlying action the injured party filed against the insured.  Id.

The insurer responded to the requests by asserting the attorney-client privilege, the quasi

attorney-client privilege, and the work product doctrine.  Id.  Subsequently, both parties filed a

motion to compel insurer to release the file, and the Circuit Court of Marshall County, West

Virginia, entered an order granting the motion compelling the insurer to produce the files.  Id.

The Court began its analysis of whether the circuit court applied the wrong legal standard

in requiring the insurer to produce allegedly privileged documents as a sanction for responding

to discovery requests in bad faith by examining the general procedure for discovery of allegedly

privileged documents:

1. The party seeking the documents must do so in accordance with the reasonable particularity requirement of Rule 34(b) of the West Virginia Rules of Civil Procedure;

2. If the responding party asserts a privilege to any of the specific documents requested, the responding party should file a privilege log that 'identif[ies] the document by name, date, custodian, source and reason for creation;'

3. [A] log of the privileged material should be provided to the [requesting party], and the materials provided to a court for in camera inspection; and

4. If the party seeking privileged documents files a motion to compel, or the responding party files a motion for protective order, 'the [t]rial court must then make an independent determination for each communication the [responding party] seeks to shield from discovery.'

Id. at 463-64 (internal citations omitted).  Based upon the principles applied in general

procedure, the Court then holds that the procedure applies to discovery in bad-faith actions:

We now hold that in an action for bad faith against an insurer, the general procedure involved with discovery of documents contained in an insurer's litigation or claim file is as follows: (1) The party seeking the documents must do so in accordance with the reasonable particularity requirement of Rule 34(b) of the West Virginia Rules of Civil Procedure; (2) If the responding party asserts a privilege to any of the specific documents requested, the responding party shall file a privilege log that identifies the document for which a privilege is claimed by name, date, custodian, source and the basis for the claim of privilege; (3) The privilege log should be provided to the requesting party and the trial court; and (4) If the party seeking documents for which a privilege is claimed files a motion to compel, or the responding party files a motion for a protective order, the trial court must hold an in camera proceeding and make an independent determination of the status of each communication the responding party seeks to shield from discovery.

Id. at 464.

The two cases come together to formulate the discovery process in bad-faith actions,

particularly for discovery of the insurer's claim files of the underlying claim.  While Madden

provides the general discovery process, Gaughan simply adds to the process by affording

insurers the right to assert a quasi attorney-client privilege at step 2 of the general process. The privilege provided in Gaughan does not, however, eliminate the requirement under Madden that the party asserting a privilege assert a privilege log. Here, in accordance with step 1, Plaintiffs requested the desired information from Defendant. Defendant had a right under step 2 of the Madden process and the holding in Gaughan to assert the work product doctrine and the attorney-client privilege; however, Defendant failed to fully comply with step 2 by failing to provide a privilege log. In accordance with the discovery process and step 3, Plaintiffs filed a motion to compel the disclosure of the claim file. However, the Court cannot fulfill its requirement under step 4 to hold an in-camera review and make an independent decision as to each document Defendant seeks to protect because Defendant failed to provide the privilege log.

Accordingly, Defendant's objection and argument must fail. Defendant argues it was not obligated to produce the discovery because Plaintiffs did not meet their burden. However, it is Defendant who has not fulfilled its burden under the discovery process announced in Madden and Gaughan. Defendant failed to provide a privilege log, in accordance with both the Federal and Local Rules of Civil Procedure and the discovery process announced in Madden, and failed to sufficiently specify why the material sought was protected.[16] Twigg, 2007 WL 676208, at 9.

Request for Production No. 2

Request for Production of Documents No. 2: The complete file of complaints against

---

[16] The court finds it particularly interesting that Defendant uses Gaughan to argue that it was not obligated to provide the discovery especially because, in Gaughan, the Ohio County Circuit Court conducted an in camera review of a privilege log. See Gaughan, 508 S.E.2d at 82, FN8 ("[The insurer] retained 137 documents from [insured's] claim file. After an in camera review of the privilege logs on each of the documents retained, the circuit court ordered [the insurer] to produce 66 of the documents." (Emphasis added). Therefore, even the general discovery procedure was followed in Gaughan).

Safe Auto required to be kept pursuant to W.Va. Code §33-11-4(10) for the time period required by W.Va. Code §33-2-9 and any such information or parts thereof regarding complaints prior to said time period contemplated by said W.Va. Code §33-2-9. For the purpose of this Request, "complaint" shall mean any written communication primarily expressing a grievance.

Defendant objected to the Request on three grounds. First, Defendant objects to the request for complete files of complaints arguing that W. Va. Code § 33-11-4(10) only requires a record of the complaint be maintained, not a complete file. Second, Defendant objects stating that W. Va. Code § 33-2-9 demonstrates that the provisions are a mechanism under which the West Virginia Insurance Commissioner can examine the affairs of any insurer who transacts business in the state. Third, Defendant objects to the Request arguing that it exceeds the scope of discovery permitted under Rules 26(b) and 34 of the Federal Rules of Civil Procedure in that it is vague, ambiguous, and overly broad. Finally, Defendant objects to the Request arguing that it is not subject to regulation by the West Virginia Insurance Commissioner as it is not licensed to transact the business of insurance in West Virginia.

1. Whether Defendant is Subject to Regulation by the West Virginia Insurance Commissioner and the Regulations

As a threshold issue, the Court must determine if Defendant was required to maintain the documents now being requested in Plaintiffs' Request for Production No. 2. Defendant objected to the Request stating that the "statutory requirement is applicable only to insurers that transact business in the State of West Virginia, and are subject to regulation by the West Virginia Insurance Commissioner."[17] Defendant that asserts that it "has made it clear in its pleadings, as well as in its 'good faith' conference with Plaintiffs' counsel, that it does not transact the

---

[17] Dkt. No. 96, P. 13.

18

business of insurance in the State of West Virginia and is therefore not subject to regulation by the West Virginia Insurance Commissioner," and is not required to maintain the records.[18] Defendant's argument is without merit.

In Plaintiffs' complaint, Plaintiffs state, "[a]t all times material herein, defendant Safe Auto was regulated by the West Virginia Unfair Claims Settlement Practices Act, West Virginia insurance regulations, and every other law governing the handling of personal injury claims in the State of West Virginia."[19] In Defendant's answer, Defendant "admits the allegations contained in the paragraph numbered 17 of Count II of the Complaint."[20] Essentially, Defendant admitted to being governed by the West Virginia insurance laws in its answer to Plaintiffs' complaint and now, in order to avoid disclosure, argues that it does not transact business in West Virginia and is therefore exempt from the insurance laws.

"In certain circumstances, a party may properly be precluded as a matter of law from adopting a legal position in conflict with one earlier taken in the same or related litigation." Allen v. Zurich Ins. Co., 667 F.2d 1162, 1166 (4th Cir. 1982).[21] "Acting on the assumption that there is only one truth about a given set of circumstances, the courts apply judicial estoppel to prevent a party from benefiting itself by maintaining mutually inconsistent positions regarding a particular situation." King v. Herbert J. Thomas Memorial Hosp., 159 F.3d 192, 196 (4th Cir.

---

[18] Dkt. No. 96, P. 13-14.

[19] Dkt. No. 1, P. 11, (17).

[20] Dkt. No. 7, P. 5.

[21] West Virginia law also precludes parties from "asserting a position in a legal proceeding inconsistent with a position taken by that party in the same or a prior litigation." West Virginia Dept. of Transp., Div. of Highways v. Robertson, 618 S.E.2d 506, 513 (W. Va. 2005).

1998).  The essential function and justification for invoking judicial estoppel "is to prevent the use of 'intentional self-contradiction as a means of obtaining unfair advantage in a forum provided for suitors seeking justice.'" Allen, 667 F.2d at 1167 (quoting Scarano v. Central R. Co., 203 F.2d 510, 513 (3d Cir. 1953).  Because of the harsh results invoked with preventing a party from asserting a position, the doctrine must be applied with caution.  Lowery v. Stovall, 92 F.3d 219, 224 (4th Cir. 1996).  Therefore, judicial estoppel should be invoked only in those circumstances "to prevent the party from 'playing fast and loose' with the courts, and to protect essential integrity of the judicial process."  Allen, 667 F.2d at 1166.

Here, asserting the doctrine is necessary because the two goals will be fulfilled. Defendant admitted in its complaint to being governed by West Virginia insurance laws; however, now it attempts to change that admission in effort to avoid discovery.  Not only does enforcing the doctrine maintain the integrity of the judicial system for the parties in the current dispute by binding parties to the assertions set forth in pleadings, but also the doctrine maintains the public's faith in the judicial system.  Additionally, the doctrine will protect Plaintiffs from Defendant's unfair tactics by preventing Defendant from taking a position inconsistent with the position taken in Defendant's answer.  Accordingly, the doctrine of judicial estoppel applies, and Defendant's objection and argument is without merit.

### 2.  Whether the Insurance Regulations Require Maintenance of Complete Files of Complaints

Plaintiffs requested the complete file of complaints against Defendant required to be kept pursuant to W. Va. Code §33-11-4(10) for the period of time required by W. Va. Code §33-2-9. Defendant objected and argues that Plaintiffs' request exceeds the scope of the statute because the statute only requires a record of complaints.

Insurers are required to "maintain a complete record of all the complaints which it has received since the date of its last examination under section nine, article two of this chapter." W. Va. Code §33-11-4(10) (West 2010). "This record shall indicate the total number of complaints, their classification by line of insurance, the nature of each complaint, the disposition of these complaints, and the time it took to process each complaint." Id.

Though Plaintiffs requested the complete file of complaints, they did specify in the Request that the discovery sought was in accordance with §33-11-4(10). Even assuming, *arguendo*, that Plaintiffs' wording exceeded the information required to be kept pursuant to §33-11-4(10), the statutory reference in the Request indicated to Defendant what information was being sought. Defendant expresses it best in its objection, stating that Plaintiffs "mistate[d] the requirement with regard to complaints imposed under West Virginia Code §33-11-4(10) . . . ." Defendant was correct in its objection that the statute only required a record of the complaints. Nevertheless, Plaintiff's misstatement of the requirements does not permit Defendant to avoid disclosure. Defendant is directed to provide the information in accordance with W. Va. Code §33-11-4(10).

### 3. Whether the Request Exceeds the Scope of Discovery

Defendant argues that the request exceeds the scope of discovery permitted under Federal Rules 26(b) and 34 in that it is vague, ambiguous, and overly broad. In their Motion to Compel, Plaintiffs argue that the objection is an improper general objection.

Unless limited by a court order, parties in civil litigation enjoy broad discovery as detailed in Fed. R. Civ. P. 26(b)(1). Parties may serve upon each other requests for production of documents within the scope of Rule 26(b). Fed. R. Civ. P. 34(a). Though discovery rules are

given broad and liberal treatment, the discovery sought must be relevant. Fed. R. Civ. P. 26(b)(1); see also St. Bernard Sav. and Loan Ass'n v. Levet, Civ. A. No. 91-4493, 1993 WL 386321, at *1 (E.D. La. Sept. 16, 1993) (stating that "the Rule 26 requirement that material sought in discovery be relevant should be firmly applied and courts should exercise appropriate control over the discovery process").[22]  To be relevant, the information sought must be "'any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case.'" Hickman, 329 U.S. at 501.

Grounds for objecting to discovery must be stated with specificity. Fed. R. Civ. P. 34(b)(2)(B).  It is well established in this jurisdiction that general objections are impermissible. Fisher v. Baltimore Life Ins. Co., 235 F.R.D. 617, 622 (N.D.W.Va. 2006).  General objections to discovery, without more, do not satisfy the burden of the responding party under the Federal Rules of Civil Procedure to justify objections to discovery because they cannot be applied with sufficient specificity to enable courts to evaluate their merits. Convertino v. U.S. Dept. of Justice, 565 F.Supp.2d 10, 13 (D.D.C. 2008).

Defendant's objection that the Request was not in compliance with the Federal Rules because it is vague, ambiguous, and overly broad is without merit for several reasons.  First, Defendant's objection that the Request is vague, ambiguous, and overly broad is a general objection inconsistent with the law of this jurisdiction.  The objection is only a general statement that does not specify how the Request is vague, ambiguous, and overly broad.  Therefore, the objection is improper.  Second, Rule 26 of the Federal Rules permit discovery of nonprivileged

---

[22] This court recognizes the United States Court of Appeals for the Fourth Circuit disfavors citation to unpublished opinions.  It recognizes the reasons for this and acknowledges them.

information that is relevant to the any party's claim or defense. Plaintiffs allege bad faith on part of the Defendant insurer. Therefore, information relating to previous insurance complaints filed against Defendant is relevant to Plaintiffs' claim. Additionally, in accordance with Request for Production No. 1, the information is not privileged because Defendant failed to comply with the requirements for asserting the quasi attorney-client privilege for insurance claims. Finally, the Request is not vague, ambiguous, or overly broad. The Request seeks files of complaints kept pursuant to W. Va. Code §33-11-4(10) for the time period required by W. Va. Code §33-2-9. Though the Request does not specify the exact documents to be produced, the requesting party need only provide "'sufficient information to enable [the party to whom the request is directed] to identify responsive documents.'" Kidwiler, 192 F.R.D. at 202. Further, the Request seeks information required to be kept pursuant to W. Va. Code §33-11-4(10). The Code provision sets forth, with exact specificity, the information to be maintained. Accordingly, because Plaintiffs requested the information in accordance with §33-11-4(10), Defendant knew the exact information requested by Plaintiffs. Therefore, Defendant's objection and argument are without merit.

3.     Decision

1.     Defendant's objections that the Request for Production No. 1 was vague, ambiguous, overly broad, unduly burdensome and oppressive on its face and not in compliance with Rule 34(b) are improper. Additionally, Defendant's objection that the requested information is protected by the attorney-client privilege and the work product doctrine is improper because Defendant did not comply with the required discovery process when asserting the privilege.

23

2.     Defendant's objection that the Request for Production No. 2 was vague, ambiguous, and overly broad is without merit.  Additionally, Defendant is judicially estopped from arguing it is not subject to West Virginia insurance law because it admitted to such in its answer to Plaintiff's complaint.  Finally, Defendant's objection that the Request exceeded the scope of West Virginia Code §33-11-4(10), is sustained; however, Defendant is directed to produce the information in accordance with §33-11-4(10).

Therefore, Plaintiffs' Motion to Compel is **GRANTED**.  Defendant is directed to respond to Plaintiffs' Request for Production of Documents Nos. 1 and 2 within **14 days** from the date of this Order.

Filing of objections does not stay this Order.

Any party may, within fourteen (14) days after being served with a copy of this Order, file with the Clerk of the Court written objections identifying the portions of the Order to which objection is  made, and the basis for such objection.  A copy of such objections should also be submitted to District Court Judge of Record. Failure to timely file objections to the Order set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Order.

The Clerk of the Court is directed to transmit a copy of this Order to parties who appear *pro se* and any counsel of record, as applicable.

**IT IS SO ORDERED.**

DATED: April 28, 2010

/s/ *James E. Seibert*

JAMES E. SEIBERT
UNITED STATES MAGISTRATE JUDGE